UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STEVEN TRUSTY,

       Plaintiff,           **AMENDED COMPLAINT**

     -against-           and JURY DEMAND

THE CITY OF NEW YORK,           16 CV 1155 (SJ)(PK)
Police Officer Jasminette Fuller, Shield No.
25706, Police Officer Matthew Cangiano,
Shield No. 1332, Detective James Baez,
Shield No. 7011, Detective John Slavnisky,
Shield No. 2046, Sergeant Alexandru Anghel,
Shield No. 240, Police Officer JOHN
and JANE DOE SIX through TEN in their
individual and official capacities as
employees of the City of New York,

       Defendants.
-------------------------------------------------------X

The Plaintiff, STEVEN TRUSTY, by his attorneys, The Rameau Law Firm, alleges the following, upon information and belief for this Amended Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983, and 1988, the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is

further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff STEVEN TRUSTY ("plaintiff" or "Mr. Trusty") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer Jasminette Fuller, Shield No. 25706 ("Fuller"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fuller is sued in her individual and official capacities.

9. Defendant Police Officer Fuller at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10. Defendant Police Officer Matthew Cangiano, Shield No. 1332 ("Cangiano"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cangiano is sued in his individual and official capacities.

11. Defendant Police Officer Cangiano at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

12. Defendant Detective James Baez, Shield No. 7011 ("Baez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Baez is sued in his individual and official capacities.

13. Defendant Police Officer Baez at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

14. Defendant Detective John Slavnisky, Shield No. 2046 ("Slavnisky"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Slavnisky is sued in his individual and official capacities.

15. Defendant Police Officer Slavnisky at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

16. Defendant Sergeant Alexandru Anghel, Shield No. 240 ("Slavnisky"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Anghel is sued in his individual and official capacities.

17. Defendant Police Officer Anghel at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

18. At all times relevant defendants JOHN and JANE DOE SIX through TEN were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants JOHN and JANE DOE SIX through TEN.

19. At all times relevant herein, defendants JOHN and JANE DOE SIX through TEN were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants JOHN and JANE DOE SIX through TEN are sued in their individual and official capacities.

20. At all times relevant herein, defendants JOHN and JANE DOE SIX through TEN either directly participated in the violation of plaintiff's constitutional rights or failed to intervene to stop the violations from occurring.

21. At all times relevant herein, all individual defendants were acting under color of state law.

22. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

23. The City was at all material times the public employer of defendant officers named herein.

## FACTUAL ALLEGATIONS

24. Plaintiff is an African-American male.

25. Plaintiff is disabled having been diagnosed with schizophrenia as a child.

26. At the time of this incident, plaintiff was on medication, functioning well and even living on his own.

**Incident 1.**

27. On or about September 11, 2014, at approximately 10:00 pm, plaintiff was coming home from the deli when he saw a group of police officers, including defendants Fuller and Cangiano at the entrance to Farragut Houses where plaintiff resides.

28. As soon as plaintiff got to the building, an officer wearing plainclothes asked plaintiff for his identification. Plaintiff immediately complied and produced his state ID.

29. The officer became visibly annoyed and snatched ID from plaintiff.

30. Plaintiff objected to this treatment and took his ID back.

31. The officer threw plaintiff against the wall and choked plaintiff. The officer put his right elbow against plaintiff's neck and blocked plaintiff's airway.

32. Then the officer threw plaintiff to the ground.

33. Plaintiff's face hit the ground and plaintiff broke his upper tooth.

34. Plaintiff lost consciousness for some time.

35. When plaintiff came to, several officers sat on plaintiff's back, neck, and legs causing plaintiff severe discomfort and pain.

36. Thereafter, the officer went through plaintiff's pockets and threw plaintiff's belongings all over the ground.

37. Plaintiff was in pain and cried out for help.

38. An ambulance arrived and officers dragged plaintiff to the ambulance ripping plaintiff's clothing apart.

39. Plaintiff was transported to Woodhull Hospital where he was held in tight restraints that caused a gash around plaintiff's hand while one of plaintiff's hands turned purple.

40. Plaintiff asked to release the cuffs.

41. The officer refused.

42. Defendant officers falsely informed hospital staff that plaintiff was behaving erratically and should be committed and medicated.

43. Defendants then left plaintiff in the hospital without any further notice.

44. As a result of this encounter, plaintiff was physically injured and battered.

45. As a result of this encounter, plaintiff's mental condition deteriorated.

46. The Internal Affairs Bureau investigated this incident.

**Incident 2**

47. On or about November 19, 2014 plaintiff was in the area of 111 Bridge Street in the County of Kings, City and State of New York.

48. Defendants, including defendants Baez, Slavnisky, and Anghel approached plaintiff without justification or provocation, handcuffed plaintiff, and took plaintiff's keys from his pocket.

49. Thereafter, defendants dragged plaintiff to plaintiff's apartment, used the keys to enter and search plaintiff's apartment without plaintiff's permission.

50. This unjust arrest and detention of plaintiff further exacerbated his physical and mental condition.

51. The Internal Affairs Bureau investigated this incident.

52. No charges were levied against plaintiff and defendants did not provide any justification for the actions herein described.

53. At all times relevant, the defendant police officers were engaged in a joint venture.

54. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

55. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.

56. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

57. The conduct of the defendant officers in falsely arresting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

58. All of the above was done in violation of state and federal law.

59. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

    i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

    ii. Loss of his physical liberty;

    iii. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment;

### FIRST CLAIM
### Unlawful Stop and Search

60. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

62. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

65. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Unreasonable Force

66. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Malicious Abuse Of Process

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. The individual defendants issued legal process to place Plaintiff under arrest.

71. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

72.     The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

73.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### Failure To Intervene

74.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

76.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

77.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CLAIM
### *Monell*

78.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79.     This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

80.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the

intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

81. The City, through its police department, had a policy or practice of not adequately training its officers to know how to respond to and deal with people with mental illnesses.

82. This inability to recognize and respond appropriately to plaintiff's condition led to a direct violation of plaintiff's civil rights.

83. The City, through its police department, has a de facto quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

84. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

85. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

86. These policies, practices, and customs were the moving force behind plaintiff's injuries.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b)  Award punitive damages against the individual defendants, jointly and severally;

(c)  Award costs of this action to the plaintiff;

(d)  Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e)  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: October 19, 2016
       Brooklyn, New York

_____
Afsaan Saleem, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York  11241
(718) 852-4759
rameaulawny@gmail.com

*Attorneys For Plaintiff*

TO: All Defendants
    Corporation Counsel of the City of New York